1
2
3
4
5
6

Amy Lynn Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888 x167
Facsimile: 215-540-8817
teamkimmel@creditlaw.com
Attorney for Plaintiff

7
8

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

9
10

**Michael DeLong**,

11

*Plaintiff,*

Case No.

12

v.

13
14

Complaint Filed Under the Telephone
Consumer Protection Act, 47 U.S.C.
§227 et seq. and §302.101 of the Texas
Business and Commercial Code.

15
16
17

**Allied Vehicle Protection, Palmer Administrative Services and PayLink Direct,**

Complaint and Demand for Jury Trial

18

*Defendants.*

19
20

## COMPLAINT

21
22
23
24
25

Michael DeLong ("Plaintiff" or "Mr. DeLong"), by and through his attorneys, Kimmel & Silverman, P.C., alleges the following against Defendants Allied Vehicle Protection "AVP"), Palmer Administrative Services ("Palmer") and PayLnk Direct ("PayLink") (collectively "Defendants"):

26
27
28

**INTRODUCTION**

1.      Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 and §302.101 of the Texas Business and Commercial Code.

**JURISDICTION AND VENUE**

2.      This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3.      This Court has supplemental jurisdiction over Plaintiff's claims asserted under Texas State Law pursuant to 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over Defendants as they regularly and systemically conduct business in the State of California.

5.      Defendant AVP is headquartered in California.  Defendants Palmer and PayLink purposefully availed themselves to California by contracting with AVP, providing warranty services in concert with AVP and benefitting from and directing AVP to place phone calls on their behalf.

6.      Venue is proper under 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2).

# PARTIES

7.     Plaintiff is a natural person residing in Arlington, Texas 76006.

8.     Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

9.     Defendant Allied Vehicle Protection ("AVP") is a business entity with a principal place of business and mailing address of 7657 Winnekta Ave, #444 Winnekta, California 91306.

10.    Defendant AVP is a "person" as that term is defined by 47 U.S.C. § 153(39).

11.    Defendant Palmer is a corporation organized and existing under the laws of the State of Delaware. Palmer is licensed to do business and systemically and continuously conducts business in the State of California.  Palmer maintains its corporate offices at 3430 Sunset Avenue, Ocean, New Jersey 07712.

12.    Palmer is a nationwide administrator of automotive extended protection plans to consumers, including those sold by telemarketers.

13.    Defendant Palmer is a "person" as that term is defined by 47 U.S.C. § 153(39).

14.    Defendant Paylink is a corporation that systemically and continuously conducts business in the State of California.  Palmer maintains its corporate offices at 222 South Riverside Plaza Suite 950 Chicago, IL 60606.

15.   PayLink is a nationwide financer and payment processer for automotive extended warranty plans.

16.   Defendant PayLink is a "person" as that term is defined by 47 U.S.C. § 153(39).

17.   Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

18.   At all times relevant hereto, Defendants worked in concert.

## FACTUAL ALLEGATIONS

19.   At all times relevant hereto, Plaintiff, Michael DeLong maintained a cell phone, the number for which was (972) XXX- 5431.

20.   Plaintiff registered that cell phone number on the Federal Do Not Call Registry in or around June 2006.

21.   Mr. DeLong registered that cell phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls.

22.   Defendant AVP is an automobile warranty company that sells to consumers, *inter alia,* extended automobile warranty plans.

23.     Defendant AVP engages in telemarketing in order to solicit business for its warranty plans and services, including plans administered by Defendant, Palmer.

24.     Between December 2019 through at least February of 2021, Defendant placed a series of solicitation calls to Plaintiff in order to sell Plaintiff an extended automobile warranty administered by Palmer.

25.     Defendants' phone calls to Plaintiff utilized an automatically generated and/or pre-recorded voice.

26.     DeLong did not consent to those calls from Defendants.

27.     In total, Defendants placed at least 29 calls to Plaintiff, at dates/times including the following:

| Date/Time: | Caller ID: |
| --- | --- |
| December 5, 2019 | (972) 921-5961 |
| April 11, 2020 09:43 am Central | (972) 921-5961 |
| April 23, 2020 12:04 pm Central | (972) 645-5691 |
| May 7, 2020 12:24 pm Central | (972) 645-9548 |
| June 16, 2020 11:26 am Central | (732) 918-9299 |
| June 17, 2020 1:14 pm Central | (732) 918-9299 |
| June 18, 2020 1:38 pm Central | (877) 466-3200 |
| June 22, 2020 1:15 pm Central | (877) 466-3200 |
| July 13, 2020 12:03 pm Central | (833) 452-3309 |
| July 22, 2020 1:12 pm Central | (877) 466-3200 |
| August 6, 2020 12:15 pm Central | (877) 466-3200 |
| August 11, 2020 1:12 pm Central | (877) 466-3200 |
| August 21, 2020 2:45 pm Central | (877) 466-3200 |
| August 25, 2020 12:10 pm Central | (732) 686-7221 |
| August 25, 2020 12:10 pm Central | (732) 686-7221 |
| August 31, 2020 2:16 pm Central | (877) 466-3200 |
| September 2, 2020 2:21 pm Central | (732) 686-7221 |
| September 2, 2020 2:21 pm Central | (732) 686-7221 |

| | |
|---|---|
| September 10, 2020 11:35 am Central | (877) 466-3200 |
| September 10, 2020 4:27 pm Central | (732) 686-7221 |
| September 10, 2020 4:28 pm Central | (732) 686-7221 |
| September 14, 2020 1:04 pm Central | (877) 466-3200 |
| September 15, 2020 11:51 am Central | (732) 686-7221 |
| September 15, 2020 11:51 am Central | (732) 686-7221 |
| September 23, 2020 12:00 pm Central | (732) 686-7221 |
| September 23, 2020 12:00 pm Central | (732) 686-7221 |
| September 24, 2020 2:55 pm Central | (877) 466-3200 |
| September 30, 2020 10:40 am Central | (877) 466-3200 |
| February 19, 2021 | (469) 214-4846 |

28.    Upon information and belief, Plaintiff received additional calls from Defendants not included in the above-list.

29.    Many of the calls placed by AVP to DeLong began with an automated voice setting forth a menu of options after DeLong answered a call.

30.    For instance, in a call placed by AVP on December 5, 2019, when Plaintiff answered the call he heard an automated voice utilized by AVP.  That automated voice presented the following menu of options " this is the last courtesy call before we close out your file, press '2' to be removed and put on our do not call list, press '1' to speak to someone about possibly extending or reinstating your car's warranty, again press '1' to speak with a warranty specialist."

31.    After a selection was made from the menu presented by the pre-recorded voice, if Plaintiff pressed a key to speak with a live person, the call would then be transferred to an agent of Defendant AVP.

32.     As a result of the persistence of the unwanted solicitation calls, Mr. DeLong tried to glean the identity of the company calling him.  Plaintiff thereby asked on various occasions who was calling but those efforts were unsuccessful.

33.     AVP's representatives refused to disclose the identity of the company placing the calls or the sellers on whose behalf it was making the calls, despite the obligation to make such a disclosure under the TCPA and Texas Business and Commerce Code.

34.     Accordingly, for the purpose of ascertaining the identity of the calling party/parties (which was improperly withheld from Plaintiff), on or around May 7, 2020, Plaintiff agreed to purchase a warranty from Defendants.  Only then did Mr. DeLong learn the identity of the warranty companies that had been placing incessant calls.

35.     Specifically, Plaintiff received in the mail an "Allied Vehicle Protection Powertrain Enhanced Warranty" administered by Palmer Administrative Services, Inc" with payments to be made via PayLink.  (Ex. A, cover letter and excerpts of policy.)

36.     Defendants sent the paperwork with a return address in Winnetka, California.

37.     Shortly after receiving the warranty (which was purchased for investigative purposes only), Plaintiff terminated the contract with Defendants.

38.     Upon cancellation of the contract, Defendant PayLink sent to plaintiff a letter confirming that the warranty was cancelled but falsely claimed that the cancellation was due to non-payment by Plaintiff, rather than Plaintiff's affirmative cancellation of the policy.  (Ex. B, letter from PayLink.)

39.     After termination of said contract, Defendant continued to place calls to Plaintiff about the warranty and demanding payment on behalf of Defendants.

40.     Upon information and belief, those calls were made specifically at the direction and for the benefit of PayLink as the payment processer for the warranty.

41.     In addition to terminating the contract and registering the number on the Do Not Call registry, Plaintiff told Defendants' live agents to stop calling on numerous occasions.

42.     Defendant's agents/representatives repeatedly apologized for the calls but advised that the calls could not stop because they were made by an "autodialer".

43.     Despite the foregoing demand for the calls to cease, Defendants continued making harassing calls.

44.     The unlawful calls continued through February 2021.

45.     As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that his privacy had been invaded by Defendant.

46.     The foregoing acts and omissions were in violation of the TCPA and Texas Business and Commercial Code.

## PRAYER FOR RELIEF

### Direct and Vicarious Liability

47.     To the extent Defendants Palmer and PayLink outsourced their illegal robocalling to AVP, Palmer and PayLik are still liable for calls that violate the TCPA.

48.     On May 9, 2013, the FCC determined that this was not a basis for avoiding liability within a Declaratory Ruling that held that sellers may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside of the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain relief. As the FTC noted, because "[s]ellers may have thousands of "independent" marketers, suing one or a few of them is

unlikely to make a substantive difference for consumer privacy.

May 2013 FCC Ruling, 28 FCC Rcd at 6588 (internal citations omitted).

49.     Moreover, the May 2013 FCC Ruling rejected a narrow view of TCPA liability, including the assertion that a seller's liability requires a finding of formal actual agency and immediate direction and control over third parties who place a telemarketing call. Id. at 6587 n. 107.

50.     The evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." Id. at 6593.

51.     Defendants Palmer and PayLink hired, permitted, and enjoyed the benefits of AVP's mass robocalling.

52.     Defendants Palmer and PayLink acted as principals to AVP, who acted as their agent.

53.     Defendants Palmer and PayLink are not permitted under the law to outsource and contract their way out of liability by directing and benefitting from AVP's unlawful calls.

54.     For the counts identified below, Defendant AVP is directly liable as the party that caused the unlawful calls to be placed.

55.     For the counts identified below, Defendants Palmer and PayLink are vicariously liable for the unlawful calls, as they contracted with AVP, benefitted from AVP's unlawful calls and directed AVP's violative conduct.

## COUNT I
## DEFENDANTS VIOLATED THE TCPA 47 U.S.C. § 227(b)

56.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

57.     The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

58.     Defendants placed calls to Plaintiff which utilized an automatically generated or pre-recorded voice.

59.     Upon information and belief, Defendants maintain a stored list of 10 digit telephone numbers of consumers in its database for collection and communication purposes.

60.     Upon information and belief, Defendants utilized a "predictive dialing system" which interfaces with software and databases which have the capacity to generate numbers randomly or sequentially.

61.     The dialing system used by Defendants to call phone numbers stored in those databases.

62.     Accordingly, Defendants' dialing systems have the capacity to dial numbers using a random or sequential number generator.

63.     Defendants initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

64.     Defendants conceded so much when its agent(s) acknowledged they could not stop the calls because the calls were placed by an "autodialer".

65.     Defendants' calls were not made for "emergency purposes."

66.     Defendants' calls to Plaintiff's cellular telephone without any prior express consent.

67.     Defendants contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since 2006.

68.     Furthermore, Plaintiff told Defendants to stop calling on numerous occasions to no avail.

69.     Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

70.     The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

71.     As a result of the above violations of the TCPA and Texas Business & Commerce Code, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(c)

72.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

73.     The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or his telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

74.     Defendants contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since 2006.

75.     Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

76.     The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

77.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT III
## DEFENDANT VIOLATED § 302.101 OF
## THE TEXAS BUSINESS AND COMMERICAL CODE

78.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

79.     Plaintiff is a "consumer" as defined by § 301.001(2) of the Texas Business & Commerce Code.

80.     Defendants are "telephone solicitors" as defined by § 301.001(5)) of the Texas Business & Commerce Code.

81.     §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate

from the Office of the Secretary of State for the business location from which the solicitation is made.

82.     Defendants violated § 302.101 of the Texas Business & Commercial Code when their representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

83.     §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

## COUNT IV
## DEFENDANT VIOLATED § 301.051 OF
## THE TEXAS BUSINESS AND COMMERICAL CODE

84.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

85.     Plaintiff is a "consumer" as defined by § 301.001(2) of the Texas Business & Commerce Code.

86.     Defendants are "telephone solicitors" as defined by § 301.001(5)) of the Texas Business & Commerce Code.

PLAINTIFF'S COMPLAINT

87.     Section 301.051 of the Texas Business & Commerce Code provides that ") A telephone solicitor may not make a consumer telephone call to a consumer unless: (1) the telephone solicitor, immediately after making contact with the consumer to whom the call is made, identifies: (A) himself or herself by name; (B) the business on whose behalf the telephone solicitor is calling; and (C) the purpose of the call;

88.     Defendants violated that provision when they refused to disclose the identity of the business repeatedly called Plaintiff attempting to sell warranty plans for Plaintiff's vehicle.

89.     §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

**Wherefore**, Plaintiff, **Michael DeLong,** respectfully prays for judgment as follows:

    a.     All actual damages Plaintiff suffered (as provided under 47
           U.S.C. § 227(b)(3)(A)) and 15 U.S.C.A. § 6104(a) for damages
           under 16 C.F.R. § 310.4(b)(1)(iii)(B) ;

- 16 -
PLAINTIFF'S COMPLAINT

b.      Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c.      Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

d.      Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

e.      Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

f.      Statutory damages of $5,000 per violation (as provided under §302.302(a) of the Texas Business & Commerce Code);

g.      All reasonable attorneys' fees, witness fees, court costs and other litigation          costs incurred by Plaintiff pursuant to §302.302(a) of the Texas Business & Commerce Code;

h.      Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

i.      Any other relief this Honorable Court deems appropriate.


### **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **Michael DeLong,** demands a jury trial in this case.


Respectfully submitted,

Dated: July 30, 2021            By: _s/ Amy L.B. Ginsburg_
                                Amy Lynn Bennecoff Ginsburg

- 17 -
PLAINTIFF'S COMPLAINT

(275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888 x167
Facsimile: 215-540-8817
teamkimmel@creditlaw.com

*Attorneys for Plaintiff*