1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SEAN P. FLYNN (SBN: 220184)
sflynn@grsm.com
NICHOLAS M. KREBS (SBN: 306996)
nkrebs@grsm.com
**GORDON REES SCULLY MANSUKHANI, LLP**
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (949) 255-6958
Facsimile: (949) 474-2060

Attorneys for Defendant,
PALMER ADMINISTRATIVE SERVICES, INC.,
erroneously sued as Palmer Administrative Services

GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

MICHAEL DELONG,

                              Plaintiff,

            vs.

ALLIED VEHICLE PROTECTION;
PALMER ADMINISTRATIVE
SERVICES; and PAYLINK DIRECT,

                              Defendants.

CASE NO. 2:21-cv-06165-AB-PD

Hon. Andre Birotte Jr.
Hon. Patricia Donahue

**DEFENDANT PALMER
ADMINISTRATIVE SERVICES,
INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT**

**DEMAND FOR JURY TRIAL**

Complaint Filed:  July 30, 2021

///
///
///
///
///
///
///

-1-          Case No. 2:21-CV-06165-AB-PD

Defendant PALMER ADMINISTRATIVE SERVICES, INC. ("Palmer" or "Defendant"), by counsel, answers the Complaint filed by Plaintiff, MICHAEL DELONG ("Plaintiff"), specifically as follows:

## INTRODUCTION

1.    Palmer admits that Plaintiff brings claims under the TCPA and Texas Business and Commercial Code, but denies that Plaintiff is entitled to any relief sought from it.

## JURISDICTION AND VENUE

2.    The allegations in Paragraph 2 call for legal conclusions to which no response is necessary. To the extent a response is required, those allegations are admitted

3.    The allegations in Paragraph 3 call for legal conclusions to which no response is necessary. To the extent a response is required, those allegations are denied.

4.    The allegations in Paragraph 4 calls for a legal conclusion to which no response is necessary. To the extent a response is required, those allegations are denied.

5.    Admitted only that Palmer's records indicate that Allied Vehicle Protection had an office in California, and that Palmer formerly had a contract with Allied Vehicle Protection. Palmer denies that it at any point directed Allied Vehicle Protection to make calls on its behalf. The remaining allegations in Paragraph 5 call for legal conclusions to which no response is necessary. To the extent a response is required, those allegations are denied.

6.    The allegations in Paragraph 6 calls for a legal conclusion to which no response is necessary. To the extent a response is required, those allegations are denied.

/ / /

DEFENDANT PALMER ADMINISTRATIVE SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1

## PARTIES

2   7.   Palmer is without sufficient information to form a belief as to the truth

3   of the allegations contained in Paragraph 7, and therefore denies them.

4   8.   The allegations in Paragraph 8 calls for a legal conclusion to which no

5   response is necessary.  To the extent a response is required, those allegations are

6   denied.

7   9.   Admitted.

8   10.   The allegations in Paragraph 10 calls for a legal conclusion to which

9   no response is necessary.  To the extent a response is required, those allegations

10   are denied.

11   11.   Defendant admits that Palmer is a Delaware corporation with its

12   principal office and headquarters at the address listed in Ocean, New Jersey.  The

13   remaining allegations in Paragraph 11 call for legal conclusions to which no

14   response is necessary.  To the extent a response is required, the remaining

15   allegations are denied.

16   12.   Admitted.

17   13.   The allegations in Paragraph 13 calls for a legal conclusion to which

18   no response is necessary.  To the extent a response is required, those allegations

19   are denied.

20   14.   Defendant denies that Palmer maintains offices in Illinois.  The

21   remaining allegations in Paragraph 14 call for legal conclusions to which no

22   response is necessary.  To the extent a response is required, the remaining

23   allegations are denied.

24   15.   Palmer admits that PayLink processes payments for certain

25   automotive service contracts administered by Palmer.  The remaining allegations in

26   Paragraph 15 call for legal conclusions to which no response is necessary.  To the

27   extent a response is required, the remaining allegations are denied.

28

GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-3-     Case No. 2:21-CV-06165-AB-PD

16.     The allegations in Paragraph 16 calls for a legal conclusion to which no response is necessary.  To the extent a response is required, those allegations are denied.

17.     The allegations in Paragraph 17 are too vague and unintelligible to provide a clear answer; Palmer admits that it has employees and officers and insurers, but the remaining allegations in this Paragraph call for legal conclusions to which no response is necessary.  To the extent a response is required, those allegations are denied.

18.     Denied.

## **FACTUAL ALLEGATIONS**

19.     Palmer is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 19, and therefore denies them.

20.     Palmer is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 20, and therefore denies them.

21.     Palmer is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 21, and therefore denies them.

22.     Admitted.

23.     Admitted.

24.     Palmer is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 24, and therefore denies them.  To the extent the allegations in Paragraph 24 are directed at Palmer, Palmer further specifically denies that it made any solicitation calls to Plaintiff.

25.     Palmer denies that it made any phone calls to Plaintiff of the type described in this Paragraph.  The remaining allegations in Paragraph 25 call for legal conclusions to which no response is necessary.  To the extent a response is required, those allegations are denied.

DEFENDANT PALMER ADMINISTRATIVE SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

**GORDON REES SCULLY MANSUKHANI, LLP**
**633 West Fifth Street, 52nd Floor**
**Los Angeles, CA 90071**

26.     Palmer denies that Plaintiff did not consent to receive calls from Palmer; by purchasing a contract administered by Palmer, Plaintiff consented to receive Palmer's calls at issue. Palmer is without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 26, and therefore denies them.

27.     Palmer is without sufficient information to form a belief as to the truth of Plaintiff's allegations in Paragraph 27 as to which Defendant Plaintiff alleges placed each call listed in this paragraph and whether Plaintiff received all of the calls alleged. Palmer admits only that it made the calls Plaintiff received from Caller IDs 732-918-9299, 877-466-3200, and 732-686-7221, and that all such calls were customer service or collection calls due to Plaintiff's purchase of a Palmer-administered automotive service contract. Palmer denies making any solicitation calls to Plaintiff and denies utilizing an automatic telephone dialing system to make any calls to Plaintiff. Each and every of Palmer's calls to Plaintiff's claimed telephone number were lawfully made. Any remaining allegations contained in this paragraph are denied.

28.     Palmer is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 28, and therefore denies them.

29.     Palmer is without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 29, and therefore denies them.

30.     Palmer is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 30, and therefore denies them.

31.     Palmer is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 31, and therefore denies them.

32.     Palmer is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 32, and therefore denies them.

DEFENDANT PALMER ADMINISTRATIVE SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

33.     Palmer is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 33, and therefore denies them.

34.     Palmer specifically denies that it placed any call to Plaintiff for the purpose of marketing or selling an automotive service contract to Plaintiff or directed or controlled any party that made such calls.   Palmer is without information to form a belief as to the truth of the remaining allegations in Paragraph 34, and therefore denies them.

35.     Admitted that Plaintiff purchased a Palmer-administered product, the terms of which speak for themselves.  Palmer is without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 35, and therefore denies them.

36.     The allegation that "Defendants" collectively sent paperwork to Plaintiff calls for a legal conclusion to which no response is necessary.  To the extent a response is required, denied.

37.     Palmer is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 37, and therefore denies them. Furthermore, Palmer specifically denies that Plaintiff terminated the contract.

38.     Admitted only that Defendant PayLink sent Plaintiff notice of cancellation due to non-payment on the Palmer automotive service contract he purchased.  The remainder of the allegations contained in Paragraph 36 are denied.

39.     Palmer admits only that it made calls to Plaintiff for the purpose of collecting payments due on the Palmer-administered product he purchased.  The remaining allegations contained in Paragraph 39 call for legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.

Case No. 2:21-CV-06165-AB-PD

DEFENDANT PALMER ADMINISTRATIVE SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
AND DEMAND FOR JURY TRIAL

40.    The allegations in Paragraph 40 call for legal conclusions to which no response is necessary.  To the extent a response is required, those allegations are denied.

41.    Palmer is without sufficient information to form a belief as to the truth of the remainder of allegations in Paragraph 41, and therefore denies them.

42.    Palmer is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 42, and therefore denies them.

43.    Palmer admits only that it made legal, non-solicitation calls to Plaintiff and did not make any calls using an automatic telephone dialing system.  Palmer is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 43, and therefore denies them.

44.    Palmer admits only that it made legal, non-solicitation calls to Plaintiff and did not make any calls using an automatic telephone dialing system.  Palmer is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 44, and therefore denies them.

45.     Palmer is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 45, and therefore denies them.

46.    The allegations in Paragraph 46 call for legal conclusions to which no response is necessary.  To the extent a response is required, those allegations are denied.

47.    The allegations in Paragraph 47 call for legal conclusions to which no response is necessary.  To the extent a response is required, those allegations are denied.

48.    Paragraph 48 contains no allegations that require a response.  To the extent a response is required, the cited Declaratory Ruling speaks for itself, and anything to the contrary is denied.

Case No. 2:21-CV-06165-AB-PD

DEFENDANT PALMER ADMINISTRATIVE SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

49.     Paragraph 49 contains no allegations that require a response.  To the extent a response is required, the cited Declaratory Ruling speaks for itself, and anything to the contrary is denied.

50.     Paragraph 50 contains no allegations that require a response.  To the extent a response is required, the cited Declaratory Ruling speaks for itself, and anything to the contrary is denied.

51.     The allegations in Paragraph 51 call for legal conclusions to which no response is necessary.  To the extent a response is required, those allegations are denied.

52.     The allegations in Paragraph 52 call for legal conclusions to which no response is necessary.  To the extent a response is required, those allegations are denied.

53.     The allegations in Paragraph 53 call for legal conclusions to which no response is necessary.  To the extent a response is required, those allegations are denied.

54.     The allegations in Paragraph 54 call for legal conclusions to which no response is necessary.  To the extent a response is required, those allegations are denied.

55.     The allegations in Paragraph 55 call for legal conclusions to which no response is necessary.  To the extent a response is required, those allegations are denied.

## <u>COUNT I</u>

56.     Palmer incorporates its responses to paragraphs 1-55 above as if fully set forth herein.

57.     This paragraph contains no allegations that require a response.  To the extent a response is required, the TCPA speaks for itself, and anything to the contrary is denied.

-8-      Case No. 2:21-CV-06165-AB-PD

58.     Palmer denies that it placed calls to Plaintiff which utilized an automatically generated or pre-recorded voice.  Palmer is without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 58, and therefore denies them.

59.     Admitted that Palmer stores its customers' telephone numbers in the ordinary course of business as an administrator of automobile service contracts, which includes making calls to communicate with customers and collection of amounts owed pursuant to automobile service contracts.

60.     Denied.

61.     Palmer utilizes communications services to contact customers in its role as an administrator of automobile service.  Palmer denies that it makes any solicitation calls or utilizes an automatic telephone dialing system.

62.     Denied.

63.     Denied.

64.     Palmer is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 64, and therefore denies them.

65.     Palmer admits only that it made legal, non-solicitation calls to Plaintiff and did not make any calls using an automatic telephone dialing system.  Palmer is without sufficient information to form a belief as to the truth of the remainder of allegations in Paragraph 65, and therefore denies them.

66.     Palmer admits only that it made legal, non-solicitation calls to Plaintiff and did not make any calls using an automatic telephone dialing system.  Palmer is without sufficient information to form a belief as to the truth of the remainder of allegations in Paragraph 66, and therefore denies them.

67.     Palmer admits only that it made legal, non-solicitation calls to Plaintiff and did not make any calls using an automatic telephone dialing

Case No. 2:21-CV-06165-AB-PD

DEFENDANT PALMER ADMINISTRATIVE SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1   system.  Palmer is without sufficient information to form a belief as to the truth of

2   the remainder of allegations in Paragraph 67, and therefore denies them.

3       68.    Palmer is without sufficient information to form a belief as to the truth

4   of the allegations contained in Paragraph 68, and therefore denies them.

5       69.    The allegations in Paragraph 69 call for legal conclusions to which no

6   response is necessary.  To the extent a response is required, those allegations are

7   denied.

8       70.    The allegations in Paragraph 70 call for legal conclusions to which no

9   response is necessary.  To the extent a response is required, those allegations are

10   denied.

11       71.    The allegations in Paragraph 71 call for legal conclusions to which no

12   response is necessary.  To the extent a response is required, those allegations are

13   denied.

14   <u>**COUNT II**</u>

15       72.    Palmer incorporates its responses to paragraphs 1-71 above as if fully

16   set forth herein.

17       73.    This paragraph contains no allegations that require a response.  To the

18   extent a response is required, the TCPA speaks for itself, and anything to the

19   contrary is denied.

20       74.    Palmer admits only that it made legal, non-solicitation calls to

21   Plaintiff and did not make any calls using an automatic telephone dialing

22   system.  Palmer is without sufficient information to form a belief as to the truth of

23   the remainder of allegations in Paragraph 74, and therefore denies them.

24       75.    The allegations in Paragraph 75 call for legal conclusions to which no

25   response is necessary.  To the extent a response is required, those allegations are

26   denied.

27

28

**GORDON REES SCULLY MANSUKHANI, LLP**
**633 West Fifth Street, 52nd Floor**
**Los Angeles, CA 90071**

-10-    Case No. 2:21-CV-06165-AB-PD

DEFENDANT PALMER ADMINISTRATIVE SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
AND DEMAND FOR JURY TRIAL

GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1    76.    The allegations in Paragraph 76 call for legal conclusions to which no
2  response is necessary.  To the extent a response is required, those allegations are
3  denied.

4    77.    The allegations in Paragraph 77 call for legal conclusions to which no
5  response is necessary.  To the extent a response is required, those allegations are
6  denied.

7                                    **COUNT III**

8    78.    Palmer incorporates its responses to paragraphs 1-77 above as if fully
9  set forth herein.

10    79.    The allegations in Paragraph 79 calls for a legal conclusion to which
11  no response is necessary.  To the extent a response is required, those allegations
12  are denied.

13    80.    The allegations in Paragraph 80 call for legal conclusions to which no
14  response is necessary.  To the extent a response is required, those allegations are
15  denied.

16    81.    This paragraph contains no allegations that require a response.  To the
17  extent a response is required, the cited portion of the Texas Business & Commerce
18  Code speaks for itself, and anything to the contrary is denied.

19    82.    The allegations in Paragraph 82 call for legal conclusions to which no
20  response is necessary.  To the extent a response is required, those allegations are
21  denied.

22    83.    This paragraph contains no allegations that require a response.  To the
23  extent a response is required, the cited portion of the Texas Business & Commerce
24  Code speaks for itself, and anything to the contrary is denied.  Defendant further
25  denies that Plaintiff has standing to bring claims under the cited statute, which does
26  not provide a private right of action.

27  / / /

28
                                             -11-      Case No. 2:21-CV-06165-AB-PD
      DEFENDANT PALMER ADMINISTRATIVE SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
                              AND DEMAND FOR JURY TRIAL

GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

## COUNT IV

84.   Palmer incorporates its responses to paragraphs 1-83 above as if fully set forth herein.

85.   The allegations in Paragraph 85 call for legal conclusions to which no response is necessary.  To the extent a response is required, those allegations are denied.

86.   The allegations in Paragraph 86 call for legal conclusions to which no response is necessary.  To the extent a response is required, those allegations are denied.

87.   This paragraph contains no allegations that require a response.  To the extent a response is required, the cited portion of the Texas Business & Commerce Code speaks for itself, and anything to the contrary is denied.

88.   The allegations in Paragraph 88 call for legal conclusions to which no response is necessary.  To the extent a response is required, those allegations are denied.

89.   This paragraph contains no allegations that require a response.  To the extent a response is required, the cited portion of the Texas Business & Commerce Code speaks for itself, and anything to the contrary is denied.  Defendant further denies that Plaintiff has standing to bring claims under the cited statute, which does not provide a private right of action.

## PRAYER FOR RELIEF

This section does not contain any factual allegations requiring a response from Palmer, but if a response is deemed required, Palmer denies that Plaintiff is entitled to any relief from Palmer.

## SEPARATE AND AFFIRMATIVE DEFENSES

Based upon its current information and belief, Palmer asserts the following affirmative defenses to Plaintiff's Complaint, and reserve the right to assert

-12-    Case No. 2:21-CV-06165-AB-PD

additional affirmative defenses in the event its investigation or discovery indicate that they would be appropriate. By asserting these defenses here, Palmer does not concede that they have the burden of proof or production for any of the following:

1.     Plaintiff lacks Article III standing because he has incurred no injury or actual harm or damages. *See, e.g., Salcedo v. Hanna*, 936 F.3d 1162, 1172 (11th Cir. 2019).

2.     Plaintiff fails to state a claim against Defendant upon which relief can be granted because, among other reasons, on information and belief, the calling party was given prior express consent to call the Plaintiff's number at issue, and Plaintiff never revoked that consent before filing his Complaint. *See, e.g., Tyler v. Mirand Response Sys., Inc.*, CIVIL ACTION NO. H-18-1095, 2019 U.S. Dist. LEXIS 81808, at *10 (S.D. Tex. May 15, 2019) (granting judgment in favor of the defendant where calls made with prior express consent and Plaintiff failed to prove revocation or use of an ATDS).

3.     The claims and theories of liability alleged in the Complaint are barred by the applicable statute of limitations, statutes of repose, laches, and judicial and equitable estoppel. Due to Plaintiff's dilatory delays in bringing this action, and prior conflicting positions, the Court should deny all relief requested both in law and equity.

4.     Although Palmer specifically denies it has any liability with respect to Plaintiff's claims and allegations, Palmer asserts that it has not willfully violated any statute and any violation(s) that may have occurred were unintentional.

5.     Plaintiff failed to mitigate his damages, including but not limited to exhausting all self-help actions to eliminate unwanted calls or attempts at communication.

DEFENDANT PALMER ADMINISTRATIVE SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

6.      Any alleged damages suffered by Plaintiff resulted from the acts or omissions of third parties who were not agents of Palmer, over whom Palmer exercised no control or authority and for whose conduct Palmer is not responsible.

7.      The claims against Palmer are misjoined and therefore Palmer should be dismissed and/or the claims against Palmer severed.

8.      Plaintiff's claims are barred insofar as an applicable established business relationship authorized the calls at issue pursuant to 47 C.F.R. § 64.1200(f)(5). *See, e.g.*, *Leyse v. Bank of Am., Nat'l Ass'n*, Civil Action No. 11-7128 (SDW) (SCM), 2020 U.S. Dist. LEXIS 44234, at *13 (D.N.J. Mar. 13, 2020).

9.      Plaintiff's claims are barred in whole or in part due to the doctrine of unclean hands, as Plaintiff posed as an interested customer in order to instigate a TCPA suit against Defendant. *See Johansen v. Nat'l Gas & Elec. LLC*, Case No. 2:17-cv-587, 2017 U.S. Dist. LEXIS 208878, at *8 (S.D. Ohio Dec. 20, 2017).

10.     Plaintiff's claims are barred in whole or in part for failure by Plaintiff to exhaust his administrative remedies, including but not limited to filing complaints with his carrier or appropriate authorities regarding the conduct alleged.

## **RESERVATION OF RIGHTS**

Palmer reserves the right to amend this Answer and/or to assert additional defenses and/or supplement, alter, or change any of the responses set forth in this Answer in any manner upon further investigation and/or discovery.

## **CONCLUSION AND REQUEST FOR RELIEF**

WHEREFORE, Palmer prays that the Complaint be dismissed with prejudice, with Palmer being awarded all costs of suit, including attorney's fees, as they may be payable pursuant to applicable law.

GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

DEFENDANT PALMER ADMINISTRATIVE SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
AND DEMAND FOR JURY TRIAL

# **DEMAND FOR JURY TRIAL**

Defendant concurrently demands a trial by jury for all claims so triable.

DATED: October 4, 2021          Respectfully Submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By: *s/ Sean P. Flynn*
Sean P. Flynn, Esq.
Attorney for Defendant
Palmer Administrative
Services, Inc.

DEFENDANT PALMER ADMINISTRATIVE SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
AND DEMAND FOR JURY TRIAL